**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-199-05** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **PEDRO RIVERA** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is the *pro se* motion (Doc. 1724) of defendant Pedro Rivera ("Rivera") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255,[1] and Rivera's motion (Doc. 1726) for leave to proceed *in forma pauperis*. In his § 2255 motion, Rivera contends that: (1) he received ineffective assistance of counsel in violation of his Sixth Amendment rights; and (2) the court committed sentencing errors.[2] In response, the government filed a motion (Doc. 1732) to dismiss Rivera's habeas petition, asserting that Rivera waived his right to appeal any conviction and sentence on direct or collateral appeal, including through a motion brought under 28 U.S.C. § 2255. For the reasons that follow, the court will grant the government's motion (Doc. 1732) to dismiss, grant Rivera's motion (Doc. 1726) to proceed *in forma pauperis*, and dismiss Rivera's motion (Doc. 1724) to vacate, set aside, or correct sentence.

---

[1] <u>See</u> 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Specifically, Rivera alleges that the court erred in placing Rivera in a criminal history category of VI, based upon his designation as a career offender. (Doc. 1725, at 5-7).

I.      **Statement of Facts & Procedural History**

On September 6, 2007, Rivera pled guilty to criminal conspiracy to distribute

and possess with intent to distribute cocain hydrochloride, in violation of 21 U.S.C.

§ 846.  (Doc. 531).  Pursuant to a plea agreement (Doc. 472), Rivera waived

indictment by a grand jury, and he pled guilty to a two-count felony information.

(See Doc. 531).  Rivera's plea agreement contained a broad waiver of appellate

rights.  (See Doc. 472 ¶ 38).

The court sentenced Rivera on November 24, 2009, to 100 months

imprisonment, payment of a fine and fees of $2,100, and three years of supervised

release.  (Doc. 1509).  On October 4, 2010, Rivera timely filed the instant motion

(Doc. 1724) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255,

and a motion (Doc. 1726) for leave to proceed *in forma pauperis*.  The government

filed a motion (Doc. 1732) to dismiss Rivera's § 2255 motion on November 3, 2010.

The motions have been fully briefed and are ripe for disposition.

II.     **Motion for Leave to Proceed *in Forma Pauperis***

Rivera seeks leave to proceed with his § 2255 motion *in forma pauperis*.  (Doc.

1726).  The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to

ensure that indigent litigants have meaningful access to the federal courts."

Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted).  Leave to proceed *in*

*forma pauperis* is based upon a showing of indigence.  Deutsch v. United States, 67

F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d

Cir. 1990)).  A petitioner seeking leave must file an affidavit of poverty with the

2

court.  A court may grant leave to proceed *in forma pauperis* if it is satisfied that the petitioner is without resources to pay the costs and fees of the proceeding.  Id.

In his affidavit, Rivera states that he is currently unemployed, has not received any form of income within the past 12 months, nor does he own any real estate or any other valuable property.  (See Doc. 1726).  Based on these facts, the court finds that Rivera is without sufficient resources to pay the costs and fees of the proceeding.  Accordingly, the court will grant Rivera's motion for leave to proceed *in forma pauperis*.

## III.   Motion to Vacate, Set Aside, or Correct Sentence

In his § 2255 motion, Rivera alleges that he received ineffective assistance of counsel, and that the court committed sentencing errors in its classification of Rivera as a career offender.  (See Doc. 1725).  The government moves to dismiss the motion, contending that Rivera waived his right to appeal his sentence under the terms of his plea agreement.  (See Doc. 1732).  Whether Rivera waived his right to appeal is a threshold issue that the court will address first.

It is well-settled that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver."  United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008).  The right to appeal—a statutorily created right, see 18 U.S.C. § 3742— is among those rights which may be waived.  Mabry, 536 F.3d at 236 (citing Jones v. Barnes, 463 U.S. 745, 751 (1983); see also United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001).  A defendant's waiver of appellate rights is enforceable if

3

entered knowingly and voluntarily and enforcement does not effect a miscarriage of justice. <u>See</u> <u>Mabry</u>, 536 F.3d at 237. The court must, therefore, specifically examine whether the waiver was knowing and voluntary, and whether enforcement would cause a miscarriage of justice. <u>Id.</u>; <u>see also</u> <u>United States v. Khattak</u>, 273 F.3d 557, 563 (3d Cir. 2001) ("Waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice.").

In the instant matter, the record is replete with evidence that Rivera's appeal waiver was knowing and voluntary. The court first turns to the written guilty plea agreement. <u>See</u> <u>United States v. Gwinnett</u>, 483 F.3d 200, 203-04 (3d Cir. 2007) (examining written plea agreement). Paragraph thirty eight of Rivera's guilty plea agreement states:

> <u>Appeal Waiver</u>. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

(Doc. 472 ¶ 38). The language of the written plea agreement is straightforward. The waiver agreement, broad in scope, clearly indicates that Rivera waived his right to

appeal any conviction and sentence on *any* grounds, constitutional or statutory. Indeed, the plea agreement expressly delineates Rivera's waiver of the right to challenge his conviction in a collateral proceeding, including through "a motion brought under Title 28, United States Code, Section 2255" (Doc. 472 ¶ 38), the very motion Rivera brings before the court in the instant matter.  Rivera signed the agreement indicating that he fully understood it and voluntarily agreed to it.

The court next turns to Rivera's change of plea hearing.  During the hearing, the court addressed in detail with Rivera the provisions of paragraph thirty eight of the plea agreement to ascertain his understanding of the provision:

| | |
|---|---|
| COURT: | I'd like to direct your attention to paragraph 38, which I believe is on page 22 of your plea agreement, which deals with the appeal waiver mentioned earlier by the assistant United States attorney.  Have you carefully reviewed paragraph 38 with your attorney and has it been explained to you to your satisfaction? |
| RIVERA: | Yes. |
| COURT: | Do you understand that ordinarily you would have had the right to bring later proceedings such as a collateral attack with a habeas corpus motion to vacate, set aside, or correct your sentence, but that this paragraph severely limits your ability to appeal? |
| RIVERA: | Yes. |
| COURT: | Do you understand that this plea agreement prevents you from using later proceedings like a collateral attack and habeas corpus to challenge your conviction, sentence, or any other matter? |
| RIVERA: | Yes. |
| COURT: | Is there anything about paragraph 38 that you do not understand or do you have any questions about this appeal waiver? |
| RIVERA: | No. |

(Doc. 1640, at 16-17.)

In sum, the waiver of appellate rights in the plea agreement is incontrovertible.  Rivera signed the plea agreement indicating his understanding of it, and the court specifically addressed the provision with him.  The court finds that Rivera knowingly and voluntarily waived his right to challenge his sentence through a § 2255 motion.  Therefore, the court may not consider his § 2255 motion for relief unless the failure to do so amounts to a miscarriage of justice.

In the collateral waiver context, there must be "unusual circumstance(s)" to amount to a miscarriage of justice.  See Untied States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001).  Under Third Circuit jurisprudence a court should consider the following factors in determining whether a miscarriage of justice has occurred: "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."  Mabry, 536 F.3d at 243-44 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).  After a review of the record, the court finds no unusual circumstances amounting to a miscarriage of justice.

In the instant matter, Rivera claims that the court erred in its designation of Rivera as a career offender.  (Doc. 1725, at 3-7).  The crux of Rivera's argument appears to be that the court's classification of Rivera as a career offender under U.S.S.G. § 4B1.1 resulted in an increased sentence, and that without the career offender classification he would have been placed in a lower criminal history

6

category with a lesser sentencing range.  (Id. at 7).  Rivera argues that under

U.S.S.G. § 4A1.2, the court incorrectly counted prior sentences separately in

arriving at a total of 15 criminal history points and a criminal history category of VI.

(Id. at 6.)  Rivera misreads § 4A1.2.  Although Rivera was sentenced on the same

date for some of his offenses, he was arrested on different dates for those offenses.

Thus, pursuant to U.S.S.G. § 4A1.2(a)(2), each offense was correctly counted

separately in determining his criminal history point count of 15.  See U.S.S.G. §

4A1.2(a)(2) (stating that "[p]rior sentences always are counted separately if the

sentences were imposed for offenses that were separated by an intervening arrest

(i.e., the defendant is arrested for the first arrest prior to committing the second

offense)").

The presentence report classified Rivera as a career offender, resulting in a

criminal history category of VI, and, when combined with his offense level of 31,

calculated a sentencing range of 188-235 months.[3]  See U.S.S.G. § 4B1.1(b).  At the

government's request, the court granted a seven-level downward departure due to

Rivera's cooperation with, and substantial assistance to, the government during its

prosecution of several co-defendants.  (See Sentencing Hearing Transcript, at 6-7).

As a result, Rivera's offense level was reduced from 31 to 24, placing him in a

guidelines range of 100-125 months.  The court imposed a sentence of 100 months

---

[3] The court also notes that Rivera would still be a category VI offender regardless of his classification as a career offender, due to his accumulation of 15 criminal history points.

imprisonment, falling at the bottom of the applicable guideline sentencing range. (See Doc. 1509).  Thus, despite his classification as a career offender, Rivera received a significantly reduced sentence.

Furthermore, Rivera derived numerous benefits from entering the plea agreement and pleading guilty.  Instead of facing indictment by a grand jury, Rivera faced a two-count felony information.  The government dismissed other counts which carried a maximum punishment of life in prison.  As a result of the plea agreement, Rivera faced a substantially lower sentence.

Finally, Rivera alleges that counsel was ineffective for "failing to properly object" to the court's designation of Rivera as a career offender.  (Doc. 1725, at 3). Rivera's argument is without merit.  In order to establish a Sixth Amendment violation for ineffective assistance of counsel, Rivera must show that his counsel's performance was both unreasonable under professional standards and prejudicial, meaning the result would have been different.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Rivera cannot establish either element.  There being no error in the presentence report, counsel could not err in his failure to object.  Moreover, counsel did in fact file objections to Rivera's category VI classification in the presentence report.  Rivera's contentions are simply unavailing.  The court can find no miscarriage of justice.  Rivera's appellate waiver is enforceable, and, therefore, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be dismissed.

## IV.   **<u>Conclusion</u>**

For the foregoing reasons, Rivera's motion (Doc. 1726) for leave to proceed *in forma pauperis* will be granted, the Government's motion (Doc. 1732) to dismiss Rivera's § 2255 motion will be granted, and Rivera's motion (Doc. 1724) to vacate, set aside, or correct sentence will be dismissed.  An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        October 11, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-199-05** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **PEDRO RIVERA** | : | |

## <u>ORDER</u>

AND NOW, this 11th day of October, 2011, upon consideration of Pedro Rivera's ("Rivera") motion (Doc. 1724) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the Government's motion (Doc. 1732) to dismiss Rivera's § 2555 motion, and Rivera's motion (Doc. 1726) for leave to proceed *in forma pauperis*, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Rivera's motion (Doc. 1726) for leave to proceed *in forma pauperis* is GRANTED.

2. The government's motion (Doc. 1732) to dismiss Rivera's motion to vacate, set aside, or correct sentence is GRANTED.

3. Rivera's motion to vacate, set aside, or correct sentence (Doc. 1724) is DISMISSED.

4. A certificate of appealability is DENIED.  <u>See</u> 28 U.S.C. § 2253(c).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge